**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4429**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALFRED ADAMS,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard M. Gergel, District Judge. (2:14-cr-00727-RMG-2)

Submitted: April 17, 2017                          Decided: April 27, 2017

Before DIAZ and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellant. Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfred Adams appeals his conviction and 121-month sentence entered pursuant to his guilty plea to conspiracy to possess with intent to distribute and to distribute heroin and methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), 851 (2012). On appeal, counsel for Adams filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Adams' plea and whether the district court erred by applying a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 3B1.1 (2015), and by using a prior drug conviction from 1995 to increase the mandatory minimum sentence Adams faced for his offense. Adams has not filed a supplemental pro se brief, despite receiving notice of his right to do so. We affirm the district court's judgment.

Before accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charge to which the plea is offered, the penalties he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant entered his plea voluntarily, absent threats, force, or promises outside the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Because Adams did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014).

2

Our review of the record reflects that the district court did not explicitly inquire whether Adams' guilty plea was the result of threats or promises not contained in the plea agreement, as required by Fed. R. Crim. P. 11(b)(2). The plea agreement provided, however, that it represented the entire agreement between Adams and the Government. The court also did not discuss the immigration consequences of pleading guilty, see Fed. R. Crim. P. 11(b)(1)(O), but Adams is a United States citizen. Accordingly, we conclude that the district court substantially complied with Rule 11 and that the court's minor omissions did not affect Adams' substantial rights. *See id.* Moreover, Adams entered his guilty plea knowingly and voluntarily, and a factual basis supported the plea. *See DeFusco*, 949 F.2d at 116, 119-20.

Turning to Adams' sentence, "[w]e review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), *cert. denied*, 137 S. Ct. 320 (2016). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. If the district court's sentencing decision is procedurally reasonable, then we must consider whether the sentence is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id.* We presume that a sentence imposed within a properly calculated Guidelines range is reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Upon review, we discern no procedural or substantive sentencing error by the district court, including the application of the sentence enhancement found in USSG

3

§ 3B1.1. The district court correctly calculated Adams' total offense level, criminal history, and advisory Sentencing Guidelines range. The court afforded the parties an adequate opportunity to present arguments concerning the appropriate sentence and provided Adams an opportunity to allocute. Finally, the court provided an adequate, individualized explanation for the sentence that Adams received, and Adams has not rebutted the presumption of reasonableness afforded his within-Guidelines sentence. *See Louthian*, 756 F.3d at 306. His sentence is therefore reasonable.

Finally, for the first time on appeal Adams questions whether the district court erred by relying on his 1995 conviction for a drug offense in South Carolina to enhance his sentence under §§ 841(b)(1)(B) and 851. The plain language of 21 U.S.C. § 841(b)(1)(B) does not include any time limit on the use of prior convictions in imposing an enhanced sentence for a felony drug offense. Thus, we discern no error, let alone plain error, in the district court's reliance on the prior conviction.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Adams, in writing, of the right to petition the Supreme Court of the United States for further review. If Adams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Adams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*